**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| **ROBERT CLAY JACKSON, III** | **CASE NO. 24-50407** |
| **DEBTOR** | **CHAPTER 13** |
| **ROBERT CLAY JACKSON, III** | **PLAINTIFF** |
| V. | **ADV. NO. 24-5021** |
| **PAINTMASTER PREMIERE LLC** | **DEFENDANT** |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION**

Plaintiff/Debtor Robert Clay Jackson, III filed a Complaint against Creditor/Defendant Paintmaster Premiere LLC, seeking the return of a 2020 Chevy Silverado (the "Vehicle"). Defendant refused to relinquish the Vehicle upon Plaintiff's demand after Plaintiff filed a bankruptcy petition. Defendant contends Kentucky law does not require it to hand over the Vehicle. Plaintiff argues that Defendant's conduct violates the Bankruptcy Code. The Court agrees with Plaintiff.

**I.    Procedural Background and Findings of Undisputed Material Fact.**[1]

Plaintiff filed his petition for relief under chapter 13 on April 11, 2024. At the time of filing, Defendant possessed Plaintiff's Vehicle to repair it. According to Defendant's Amended Proof of Claim No. 13-2, Plaintiff owes Defendant a prepetition debt valued at $27,233.74 including repairs and storage costs that continue to accrue at $100 each day. Defendant refuses

---

[1] Unless otherwise indicated, all record citations are to documents filed in this proceeding.

to relinquish possession of the Vehicle unless it first receives payment.  It claims a possessory mechanic's lien in the Vehicle that it maintains through continued possession.

Plaintiff commenced this adversary proceeding on July 5, 2024.  The Complaint seeks relief in Count 1 for a violation of the automatic stay that arose under § 362 when Plaintiff filed his bankruptcy petition.[2]  In Count 2, Plaintiff requests turnover of the Vehicle pursuant to § 542.  On October 8, 2024, both parties filed competing motions for summary judgment.  [ECF Nos. 12, 13.]  The motions are fully briefed and ripe for disposition.

**II.     Jurisdiction.**

This Court has jurisdiction over this proceeding.  28 U.S.C. § 1334(a).  Venue is proper in this District.  28 U.S.C. § 1409.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(E).  The parties have consented to the Court's entry of a final order.

**III.    Legal Standard.**

Courts may grant a summary judgment when "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a) (incorporated via FED. R. BANKR. P. 7056).  In considering a motion for summary judgment, the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).  A genuine issue of material fact exists for trial when there is sufficient "evidence on which the [factfinder] could reasonably find for the [nonmovant]."  *Id.* at 2512.

A movant has the burden to demonstrate there are no genuine issues of material fact in dispute, and the Court must consider all facts and inferences in the light most favorable to the non-movant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1355-56

---

[2] All chapter and section references, unless otherwise indicated, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

(1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). "[T]he standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). Each motion is to be evaluated "on its own merits[.]" *Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987) (citations omitted)).

    IV.    **Plaintiff is Entitled to a Summary Judgment, in Part, Finding Defendant is Liable for Violating the Automatic Stay, with Damages to be Determined at Trial.**

Section 362(a) operates as a broad stay of actions by creditors when a debtor files bankruptcy, with subsection (b) providing certain exceptions. Plaintiff argues summary judgment is appropriate because Defendant's actions violate §§ 362(a)(4), (5), and (6). Since Debtor is seeking damages under § 362(k), he "bears 'the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages.'" *In re Dougherty-Kelsay*, 601 B.R. 426, 447 (Bankr. E.D. Ky. 2019), *aff'd*, 636 B.R. 889 (B.A.P. 6th Cir. 2022), *aff'd*, No. 22-5270, 2022 WL 9730003 (6th Cir. Oct. 17, 2022). Defendant contends one of the exceptions applies and allows perfection of its lien through continued possession of the Vehicle. Defendant is mistaken. Though § 362(a)(5) is not applicable in this case, Defendant willfully violated § 362(a)(4). Whether it also violated § 362(a)(6) is left for trial.

    A.  **The Supreme Court's decision in *Fulton* does not foreclose Defendant's liability for violating the automatic stay.**

Defendant relies on the Supreme Court's opinion in *City of Chicago v. Fulton*, 141 S. Ct. 585 (2021), to justify its conduct. *Fulton* concerned only § 362(a)(3). *Id.* at 589-90. The Court did not decide whether a creditor's post-petition retention of property could violate other

3

subsections of § 362(a), and Plaintiff contends Defendant violated §§ 362(a)(4), (5), and (6)—not § 362(a)(3). *Fulton* does not preclude Defendant's liability here.

## B. Defendant willfully violated the automatic stay pursuant to § 362(a)(4).

Section 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate[.]" 11 U.S.C. § 362(a)(4). Since there is no dispute Defendant is maintaining possession of the Vehicle to continue perfection of its possessory lien, Defendant is taking post-petition action to "create, perfect, or enforce" a lien on property of the estate based on a prepetition debt in violation of § 362(a)(4).

The remaining question is whether Defendant's actions fall within an exception to the automatic stay under § 362(b). While Plaintiff has the burden to demonstrate a stay violation has occurred, Defendant has "the burden of proof regarding the applicability of any § 362(b) exceptions to the automatic stay." *In re Pearce*, 400 B.R. 126, 131 (Bankr. N.D. Iowa 2009); *see also Connor v. Prop. Fund 629, LLC (In re Connor)*, 632 B.R. 506, 513 (Bankr. M.D. Tenn. 2021) (explaining that the party arguing an exception to the automatic stay applies bears the burden of proof on that issue).

"It is well settled that '[e]xceptions to the stay should be read narrowly.'" *Dougherty-Kelsay*, 601 B.R. at 442 (citation omitted). Relevant here is § 362(b)(3), which excepts from the automatic stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b)[.]" 11 U.S.C. § 362(b)(3).

Section 546(b) has two pertinent subparts that are implicated here. The first subpart provides that:

> The rights and powers of a trustee . . . are subject to any generally applicable law that—

4

Case 24-05021-dll    Doc 22    Filed 11/15/24    Entered 11/15/24 14:44:46    Desc Main
Document      Page 5 of 14

>
> (A) permits perfection . . . in property to be effective against an entity that acquires rights in such property before the date of perfection; or
>
> (B) provides for the maintenance or continuation of perfection . . . in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

11 U.S.C. § 546(b)(1).

Sections 546(b)(1) and 362(b)(3) "protect those creditors whom state law protects by allowing them to perfect their prepetition liens through post-petition notice that relates back to the date of recording." *In re Orndorff Const., Inc.*, 394 B.R. 372, 376 (Bankr. M.D.N.C. 2008).[3] In other words, they "permit creditors to take advantage of a grace period provided by state law for perfecting a lien." *In re Meek*, No. 89-01618, 1991 WL 368017, at *1 (Bankr. E.D. Ky. Jan. 16, 1991). This includes "acts to continue or maintain the perfection of security interests that would otherwise lapse post-petition, such as a mechanic's lien, a materialman's lien, or a purchase money security interest." *Id.* The paradigm case for when this exception applies occurs when a creditor with a security interest in goods under the Uniform Commercial Code perfects its security interest by subsequently filing a financing statement within the statutory period—even if it is filed after a debtor seeks bankruptcy relief. *In re Grede Foundries, Inc.*, 651 F.3d 786, 791 (7th Cir. 2011); *In re Shannon,* 590 B.R. 467, 481 (Bankr. N.D. Ill. 2018), *aff'd sub nom. In re Fulton*, 926 F.3d 916 (7th Cir. 2019), *vacated and remanded sub nom. City of Chicago v. Fulton*, 141 S. Ct. 585 (2021).[4]

---

[3] In Kentucky, a mechanic's lien "relates back and takes effect from the time of the commencement of the labor or the furnishing of material." *Woodson Bend, Inc. v. Masters' Supply, Inc.,* 571 S.W.2d 95, 101 (Ky. Ct. App. 1978).

[4] The Seventh Circuit's holding in *In re Fulton* concerning the applicability of §§ 362(b)(3) and 546(b)(2) was not a ground for reversal discussed in the Supreme Court's later opinion in *Fulton*, 141 S. Ct. 585. Thus, the Seventh Circuit's discussion on the interplay of these Code provisions remains persuasive authority for this Court.

While §§ 362(b)(3) and 546(b)(1) provide an automatic stay exception to prevent a bankruptcy petition from interfering with a creditor's ability to perfect a lien post-petition under nonbankruptcy law, this exception does not allow a creditor's perfection efforts to interfere with a debtor's right to possess estate property.  *See, e.g.*, *In re Cordova*, 635 B.R. 321, 343 n. 5 (Bankr. N.D. Ill. 2021) (explaining § 546(b) demonstrates "Congress' clear intent to create an avenue for perfecting possessory liens without interfering with a debtor's possession.").  The second subpart to § 546(b) makes this clear.

Section 546(b)(2) provides that "[i]f [applicable law] requires seizure of [] property or commencement of an action to" accomplish, maintain or continue perfection of an interest in property (e.g., a mechanic's lien), and such seizure or action is to take place post-petition, then the "interest in such property shall be perfected [or perfection maintained or continued] by giving notice" as a substitute "for such [post-petition] seizure or such commencement."  11 U.S.C. § 546(b)(2).  "Section 546(b) offers no other way to preserve [a statutory] lien[.]"  *Orndorff Const., Inc.*, 394 B.R. at 378.  When "nonbankruptcy law requires a creditor to seize property after the filing of a bankruptcy petition to perfect or maintain the perfection of a lien, § 546(b)(2) replaces the seizure requirement with the giving of notice."  *Fulton*, 926 F.3d at 921, 928 (citing 3 COLLIER ON BANKRUPTCY ¶ 362.05 (16th ed.)).

Therefore, pursuant to § 546(b)(2), the automatic stay exception under § 362(b)(3) does not apply in this case.  While Defendant seized the Vehicle prepetition, Defendant's continued possession of the Vehicle post-petition constitutes "seizure . . .or commencement of an action" to maintain or continue "perfection of an interest in property" in violation of § 546(b)(2).  Stated differently, when a creditor obtains possession of a debtor's vehicle prepetition and has "asserted a possessory lien on [the] vehicle[,]" this stay exception "[does] not permit creditors to retain

6

possession of debtors' property." *Fulton*, 926 F.3d at 921, 928. Further, because Defendant "does not lose its perfected lien via the [] loss of possession of the [Plaintiff's] vehicle[] to the bankruptcy estate[], § 362(b)(3) does not apply to except it from the stay." *Id.* at 929.[5]

Defendant cites two cases, *Hayden v. Wells (In re Hayden)* and *In re Vega*,[6] for the proposition that § 362(b)(3) excepts from the automatic stay a creditor's post-petition retention of a vehicle to maintain a possessory lien. Both rely on the plain language of § 362(b)(3). Upon review, neither case advances Defendant's position.

In *Vega*, the creditor performed prepetition repair work on the debtor's vehicle and possessed it when the debtor commenced the bankruptcy case. 503 B.R. at 40-41. The court held that since the creditor "had a valid possessory lien in Debtor's vehicle as of the date of Debtor's bankruptcy petition, [] § 362(b)(3) applied, [and the creditor] did not violate the automatic stay under § 362(a) by thereafter retaining possession of Debtor's vehicle." *Id.* at 43. *Vega* is unpersuasive. In *Vega*, "[t]he Debtor . . . conceded . . . § 362(b)(3) applied, so [] [the creditor] did not violate the automatic stay under § 362(a) by [] retaining possession of Debtor's vehicle." *Id*. The opinion does not discuss § 546(b)(2). And, the case was decided prior to the Supreme Court's decision in *City of Chicago v. Fulton*, in which the concurring opinion described this behavior by a creditor as not "comport[ing] with [] spirit" of the Code. 141 S. Ct. at 592-93 (Sotomayor, J., concurring). For similar reasons, the Court also is unpersuaded by the analysis in the *Hayden* opinion.

---

[5] Kentucky law does not require Defendant to remain in possession of the Vehicle to maintain or continue perfection. The statute Defendant relies on provides that "[t]he lien shall not be lost by the removal of the motor vehicle from the garage or premises of the person performing labor, repairing or furnishing accessories or supplies therefor, if the lien shall be asserted within six (6) months by filing [a statement with] . . .the county clerk" after the vehicle's removal. KY. REV. STAT. § 376.270.

[6] Defendant provides an incorrect citation for both *Hayden* and *Vega*, misidentifying the issuing courts. The correct citations are *Hayden v. Wells (In re Hayden)*, 308 B.R. 428 (B.A.P. 9th Cir. 2004), and *In re Vega*, 503 B.R. 38 (Bankr. E.D. Mich. 2013).

Rather, the Court joins other courts that have disagreed with the analysis in *Hayden* and *Vega* and will follow the opinions[7] leading to the Seventh Circuit's *Fulton* decision in holding that § 362(b)(3) does not except from the automatic stay a creditor's efforts to maintain possession of a vehicle to preserve a possessory lien. *See*, *e.g.*, *Cordova*, 635 B.R. at 343 n. 5 (declining to follow *Hayden*). Because the Court declines to hold § 362(b)(3) excepts Defendant's actions from the automatic stay, Plaintiff is entitled to a summary judgment that Defendant is liable for violating § 362(a)(4).

### C. Section 362(a)(5) is not applicable here since the Vehicle is property of Plaintiff's bankruptcy estate.

The Bankruptcy Code provides that a bankruptcy estate is comprised of, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the" case "wherever located and by whomever held." 11 U.S.C. § 541(a); *Tidewater Fin. Co. v. Curry (In re Curry)*, 347 B.R. 596, 600 (B.A.P. 6th Cir. 2006) (citing § 541). "Section 541 'is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code.'" *Fulton*, 141 S. Ct. at 589 (quoting *United States v. Whiting Pools, Inc.*, 103 S. Ct. 2309, 205 (1983)).

Section 362(a)(5) stays "any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(5) (emphasis added). This provision is not applicable as to acts against property of the bankruptcy estate. *In re Horned Dorset Primavera, Inc.*, Case No. 15-03837, 2018 Bankr. LEXIS 2220, at *45 (Bankr. D.P.R. July 27, 2018) ("section 362(a)(5)

---

[7] *In re Howard*, 584 B.R. 252, 258 (Bankr. N.D. Ill. 2018); *In re Peake*, 588 B.R. 811, 831 (Bankr. N.D. Ill. 2018); *Shannon*, 590 B.R. at 481; *In re Fulton*, No. 18 BK 02860, 2018 WL 2570109, at *5 (Bankr. N.D. Ill. May 31, 2018).

stays '... any act to create, perfect, or enforce against property of the debtor' as opposed to property of the estate."); *see also* 3 COLLIER ON BANKRUPTCY ¶ 362.03[7] (16th ed.) ("Section 362(a)(5) stays acts to create, perfect or enforce liens securing prepetition claims against property of the debtor, as distinguished from property of the estate.")

Plaintiff's ownership interest in the Vehicle became property of his bankruptcy estate when he filed his petition. Since Plaintiff has not confirmed a chapter 13 plan, no estate property has revested in Plaintiff pursuant to § 1327(b). Plaintiff also has not claimed an exemption in the Vehicle under § 522 to remove the Vehicle from the bankruptcy estate. *In re Wolf*, No. 11-51327, 2012 WL 1856973, at *2 (Bankr. E.D. Ky. May 22, 2012) ("A properly filed exemption removes property from the bankruptcy estate[.]" (citation omitted)). Therefore, § 362(a)(5) is not applicable.

### D. A genuine dispute of material fact exists concerning whether Defendant violated the automatic stay pursuant to § 362(a)(6).

Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(6). Plaintiff argues Defendant made efforts to collect the prepetition debt by demanding repayment in violation of subsection (6). In an Affidavit, Plaintiff provided examples of instances where Defendant allegedly sought to collect the prepetition debt. [ECF No. 13-1 ¶¶ 4-7]. Plaintiff also provided other evidentiary support to establish that the person calling him to collect the debt was Defendant's owner/manager. [ECF No. 13-2.]

While Defendant admits to retaining the Vehicle to maintain perfection of its lien, it denies taking any action to collect the debt from Plaintiff post-petition in violation of § 362(a)(6). Defendant contends that any post-petition communications between Defendant and Plaintiff were not demands for payment but, rather, were Defendant's efforts to inform "Plaintiff

9

of the legal consequences of nonpayment under Kentucky law." [ECF No. 16 at 2.] Defendant tendered an Affidavit from its owner, Greg Scheller, which contains a blanket denial that Defendant has engaged in any efforts to collect a debt from Plaintiff after Defendant became aware of Plaintiff's bankruptcy filing. [ECF No. 16-1 ¶ 5.]

The Court may not weigh evidence when considering a motion for summary judgment. A genuine dispute of material fact exists concerning whether Defendant violated § 362(a)(6), and thus Plaintiff is not entitled to a summary judgment on Count 1 under this theory.

### E. Whether Plaintiff can establish an entitlement to damages is reserved for trial.

"[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). "[A] 'willful violation' [does] not require proof of a specific intent to violate the stay, but rather an intentional violation by a party aware of the bankruptcy filing." *Transouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999). "A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." *Id.* Even if Defendant did not intend to violate the automatic stay, Defendant nevertheless willfully violated the automatic stay as there is no dispute Defendant intentionally refused to return the Vehicle to Plaintiff while aware of Plaintiff's bankruptcy case.

Plaintiff tendered limited evidence of the actual damages he claims to have incurred owing to Defendant's stay violation. [ECF Nos. 13-1, 13-3, 13-4.] Defendant disputes Plaintiff tendered sufficient evidence. Plaintiff also has not provided evidence to support his request in the Complaint for an award of punitive damages and attorney's fees. At trial, Plaintiff should be prepared to present evidence on damages, including any attorney's fees accrued before the trial

10

date. Thereafter, Plaintiff will be allowed the opportunity to supplement the record with evidence concerning trial and post-trial related fees.

V. **Plaintiff is Entitled to a Summary Judgment Compelling Turnover of the Vehicle Under § 542.**

In Count 2, Plaintiff asks the Court to compel Defendant to relinquish possession of the Vehicle. Based on the undisputed material facts, Plaintiff is entitled to this relief.

With limited exceptions (which are inapplicable here), § 542(a) "obligates entities in possession or control of 'property that the trustee may use, sell, or lease under section 363' to turn that property over to the estate." *Spradlin v. Khouri (In re Bruner)*, 535 B.R. 726, 730 (Bankr. E.D. Ky. 2015), *aff'd*, 561 B.R. 397 (B.A.P. 6th Cir. 2017). Turnover also is required as to property that a debtor may exempt under § 522. 11 U.S.C. § 542(a). Simply put, "[e]ntities holding property of the estate are obligated to turn over such property to the trustee." *In re Licking River Mining, LLC*, 535 B.R. 731, 735 (Bankr. E.D. Ky. 2015). Moreover, a chapter 13 debtor has the power—"exclusive of the trustee"—to use, sell, or lease property under § 363. 11 U.S.C. § 1303. Accordingly, a chapter 13 debtor has standing to bring a turnover action under § 542. *See Sharon*, 234 B.R. at 686-87.

To successfully prosecute a turnover action, the party seeking relief must prove, by a preponderance of the evidence, "(1) that the property is or was in the possession, custody or control of an entity during the pendency of the case, (2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and (3) that the property has more than inconsequential value or benefit to the estate." *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008). Plaintiff has established all three elements of this test.

Again, the material facts are not in dispute. Defendant took possession of the Vehicle prepetition, Plaintiff filed a chapter 13 petition, the case remains pending, and Defendant

11

continues to possess the Vehicle. Plaintiff is listed as the owner on the Vehicle's title; the Vehicle thus is property that the bankruptcy estate can use under § 363 or that Plaintiff may exempt under § 522. Plaintiff contends the Vehicle is of great value to the estate—it is Plaintiff's most valuable asset, scheduled at $45,000—and Plaintiff uses it to perform his daily activities. Defendant contests none of these facts.

Instead, Defendant argues Kentucky law permits it to maintain possession of the Vehicle notwithstanding the Bankruptcy Code's turnover provision. Defendant contends:

> Under bankruptcy law, turnover of estate property is not required when a creditor holds a valid possessory lien, such as [Defendant's] lien under KRS 376.270. Federal bankruptcy law does not extinguish this state law right, and the possessory lien remains valid and enforceable, allowing [Defendant] to retain the vehicle until full payment is made.

[ECF No. 16 at 3.] Defendant states that "[t]urnover under § 542 is only mandated when the debtor's right to possess the property is superior to the creditor's rights." [*Id.* at 8.] Lastly, Defendant posits that "adequate protection must be provided before turnover can be compelled." [*Id.*]

To support its views, Defendant again cites the opinions in *Hayden* and *Vega*, arguing: "[c]ourts, including in cases such as *In re Hayden* [ ] and *In re Vega* [ ], have consistently held that where a creditor holds a valid possessory lien, turnover is not required." [*Id.*] Just as neither case assisted Defendant's argument on the stay violation claim, neither case supports Defendant's argument regarding the turnover claim.

In *Hayden*, before the petition was filed, the state police ordered the impoundment of the debtors' vehicle. After the debtors filed for bankruptcy relief, they repeatedly requested turnover of the vehicle and the towing company, which held the vehicle, refused. The debtors then filed a motion for turnover and for sanctions. The bankruptcy court ordered the towing company to

12

return the vehicle to the debtors. *Hayden*, 308 B.R. at 430. After the towing company moved to vacate this order, the bankruptcy court entered a second order requiring it to release the vehicle to the debtors – after the debtors provided (a) proof of insurance on the vehicle, (b) delivered title to the towing company with documentation to allow the towing company to perfect a lien, and (c) executed a document the state police required. *Id.* at 431. Once the debtors fulfilled these obligations, the towing company released the vehicle to them. The debtors then filed an adversary proceeding against the towing company alleging a violation of the automatic stay. *Id*. The bankruptcy court held a trial on the automatic stay claim and found for the towing company. *Id*. This is the order that the Ninth Circuit Bankruptcy Appellate Panel reviewed (and affirmed) on appeal, and the Panel's resulting opinion—the one cited by Defendant—did not analyze or apply § 542. The opinion simply does not stand for the proposition that "where a creditor holds a valid possessory lien, turnover is not required." [ECF No. 16 at 8.] In fact, the bankruptcy court *ordered the towing company to turnover the vehicle to the debtors* while allowing it to perfect a lien thereon.

The *Vega* opinion does not address turnover under § 542—or even cite this Code provision. Instead, the bankruptcy court held that an automotive repair and towing company did not violate the automatic stay by retaining possession of a debtor's vehicle after the debtor filed for bankruptcy. 503 B.R. at 42. This result is consistent with the Supreme Court's decision in *Fulton*, but it does not state that a creditor with a possessory lien under state law can reject a turnover demand under § 542, a federal statute, thereby contravening the Constitution's Supremacy Clause. U.S. CONST. art. VI, cl. 2.; *see also In re Jarax Int'l, Inc.*, 81 B.R. 715 (Bankr. S.D. Fla. 1987) (stating that, under the Supremacy Clause of the U.S. Constitution, "federal bankruptcy policy must prevail over the state common law lien."). "Section 542(a)

13

simply requires [a creditor] to seek protection of its interest according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *Whiting Pools*, 103 S. Ct. at 2317.

Finally, as to Defendant's reference to adequate protection, "nowhere in § 542(a) is there any reference to adequate protection as a defense to turnover of estate property." *Williams v. GMAC (In re Williams)*, 316 B.R. 534, 538 (Bankr. E.D. Ark. 2004); *see also Licking River Mining, LLC*, 535 B.R. at 735 ("turnover is required even before a determination is made on adequate protection"); *Sharon*, 234 B.R. at 684 ("the Bankruptcy Code does not elevate [the creditor's] adequate protection right above the Chapter 13 debtor's right to possession and use of a car" and "[w]hen Congress intended 'adequate protection' to limit a debtor's right to possession or use of property of the estate, it unmistakably said so.").[8]

Plaintiff's Motion for Summary Judgment on Count 2 is granted as to Defendant's liability. To the extent Defendant has requested summary judgment on Count 2, the Motion is denied. Plaintiff is entitled to immediate possession of the Vehicle.

## VI. Conclusion.

While Plaintiff's request for relief under § 362(a)(6) and entitlement to monetary damages must be decided at a trial, Plaintiff has established that there are no genuine disputes of material fact and he is entitled to a summary judgment (a) in full as to Count II on his turnover claim under § 542, and (b) as to Defendant's liability under Count I for violating the automatic stay under § 362(a)(4). Defendant is not entitled to summary judgment. The Court will enter a separate Order and Judgment contemporaneously with this Memorandum Opinion.

---

[8] Nothing prevents Defendant from seeking adequate protection under 11 U.S.C. § 363(e) "at any time."

14

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L. Lutz*
**Bankruptcy Judge**
**Dated: Friday, November 15, 2024**
**(djt)**